## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SEARS ECOLOGICAL APPLICATIONS CO., LLC, | : : : | No. 07-CV-00145 |
| Plaintiff, | : : | (DNH) (GHL) |
| v. | : : | |
| MLI ASSOCIATES, LLC, | : : | |
| Defendant. | : : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant MLI Associates, LLC ("MLI"), for its Answer, Affirmative Defense and Counterclaims to Sears Ecological Applications Co., LLC, ("SEACO") Complaint For Civil Action Under 35 U.S.C. § 146, hereby states as follows:

**PARTIES**

1. MLI denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Complaint Paragraph 1 and, therefore, denies same.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Admitted.

## FACTS GIVING RISE TO THE COMPLAINT

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted..

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Admitted.

19. Admit that the BPAI granted-in-part, denied-in-part and dismissed-in-part SEACO's Motion 4 for judgment that MLI's claims corresponding to Count 1 are unpatentable under 35 U.S.C. §112, ¶ 1, but deny all remaining allegations contained in paragraph 19 of the Complaint.

20. Admitted.

21. Admit that the BPAI dismissed SEACO's Motion No. 7 but deny all remaining allegations contained in paragraph 21 of the Complaint.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admit that the BPAI dismissed SEACO's Motion No. 11 but deny all remaining allegations contained in paragraph 25 of the Complaint.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. MLI denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 35 of the Complaint.

**AFFIRMATIVE DEFENSES**

36. By properly granting-in-part MLI's Preliminary Motion 5, the Board found that claims 1-12 of SEACO '310 patent and claims 1-20 of Sears '325 patent were unpatentable under 35 USC §103. In so holding, the Board dismissed as moot a number of other Preliminary Motions (nos. 3 and 6) made by party MLI.

37. Each of the Preliminary Motions filed by party MLI in the Interference provide additional factual and legal grounds for a judgment holding that SEACO is not entitled to an award of priority and/or that the claims of SEACOs' involved patents are unpatentable and/or unenforceable, and that one or more of MLI' s motions were properly denied. The contents of each of these Preliminary Motions (nos. 2 through 5, both moving and reply memoranda) are incorporated herein by reference. In addition, MLI's memoranda filed in opposition to SEACO's Preliminary Motions provide additional grounds for denying MLI the relief it seeks herein, and the contents of those oppositions are also incorporated herein by reference.

WHEREFORE, MLI respectfully requests that:

(a) SEACO's requests for relief in its Complaint be denied in their entirety;

(b) costs and attorneys fees be awarded in favor of MLI against SEACO; and

(c) the Court grant MLI such other and further relief as the Court deems appropriate in the circumstances.

## COUNTERCLAIMS

38. Counterclaim-Plaintiff, MLI Associates, LLC ("MLI"), for its Counterclaims against Counterclaim-Defendant Sears Ecological Applications Co., LLC, ("SEACO"), hereby alleges as follows:

## THE PARTIES

39. Counterclaim-Plaintiff MLI is a limited liability company organized and existing under the laws of the Ohio with its principal place of business at 300 Westdale Avenue, Westerville, Ohio 43082.

40. On information and belief, Counterclaim-Defendant SEACO is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 1914 Black River Blvd., Rome, New York 13440.

## JURISDICTION AND VENUE

41. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 35 U.S.C. § 146 and 28 U.S.C. § 1331, 1338(a), 2201 and 2202.

42. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS GIVING RISE TO THE COUNTERCLAIMS

43. The United States Patent And Trademark Office ("PTO") declared and instituted Patent Interference No. 105,405 (the "405 Interference") between the MLI patent applications 10/266,975 ('975) and 10/690,894 ('894) and the '310 patent and the '325 patent issued to SEACO. In the '405 Interference, MLI was named the Senior Party and SEACO was named the Junior Party.

44. On February 6, 2007, the Board issued and entered a Decision (the "Board's Decision") on Preliminary Motions and Final Judgment in the '405 Interference adverse to SEACO.

45. Richard Sapienza, William F. Ricks and Axel R. Johnson are the first and joint inventors of the subject matter claimed in Application No. 10/266,975 ('975) and 10/690,894 ('894).

5

46. MLI is the assignee of the '975 and '894 applications.

47. Robert A. Hartley and David H. Wood are the named inventors of the subject matter claimed in the U.S. 6,436,310 ('310) and U.S. 6,440,325 ('325).

48. SEACO is the assignee of the '310 and the '325 patents.

49. In its Decision, the Board held all of SEACO's involved claims of the '325 and '310 patents to be unpatentable and all of MLI's involved claims except claims 43 and 44 of the '975 application to be unpatentable.

50. Each of these Preliminary Motions filed by party MLI in the '405 Interference provide additional factual and legal grounds for a judgment holding that SEACO is not entitled to an award of priority and/or that the claims of SEACO's involved '310 and '325 patents are unpatentable, and that one or more of SEACO's motions were defective under the applicable Interference rules. The contents of each of these Preliminary Motions are incorporated herein by reference. In addition, MLI's memoranda filed in opposition to SEACO's Preliminary Motions nos. 3-12 provide additional grounds for denying SAECO the relief it seeks herein, and the contents of those oppositions are also incorporated herein by reference.

## COUNTERCLAIM I

## Under 35 U.S.C. 146

51. Counterclaim-Plaintiff MLI repeats and realleges the allegations contained in Counterclaim paragraphs 38 to 50 above in this Counterclaim as if fully set forth herein.

52. This Counterclaim arises under Title 35 of the United States Code § 146, and seeks to remedy the final decision of the Board in the '405 Interference insofar as the Board dismissed as moot and did not decide MLI Preliminary Motions 3 and 4 that were filed in the

Interference. MLI believes that the Board decision upholding MLI's application claims and holding that SEACO was not entitled to the involved claims of its '310 and '325 patents was supported by substantial evidence. MLI is dissatisfied with the Board's Decision to the extent that the Board dismissed MLI's Preliminary Motions 3 and 4 as moot.

53.     MLI respectfully requests that the Court enter judgment in favor of MLI on each of its Preliminary Motions that the Board dismissed as moot.

## **COUNTERCLAIM II**

### **Declaratory Judgment**

54.     Counterclaim-Plaintiff repeats and realleges the allegations contained in Counterclaim Paragraphs 38 to 53 above in this Counterclaim as if fully set forth herein.

55.     This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. § § 2201-2202.

56.     SEACO has appealed and seeks to reverse the Board's Decision. Therefore, an actual and justifiable controversy exists between the parties with regard to the Board Decision.

57.     MLI seeks a judgment declaring that: (a) those rulings of the Board denying SEACO's Preliminary Motions and granting in part MLI's Preliminary Motion were supported by substantial evidence; and (b) the Board's holdings described in paragraph 52 above were supported by substantial evidence, including on the grounds set forth in the Board's Decision, in party MLI's Oppositions to SEACO's Preliminary Motions, and in each party MLI's Preliminary Motions, including those dismissed as moot.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff MLI prays for judgment as follows:

7

A. Affirming those rulings of the Board's February 6, 2007 decision adverse to SEACO;

B. Affirming that MLI is entitled to the benefit of the filing dates of its earlier applications for the subject matter of the Count;

C. Affirming the award of priority to MLI in the '405 Interference;

D. Affirming that SEACO is not entitled to a patent based on the SEACO's '325 and '310 patents;

E. Affirming that MLI is entitled to patent based on the claims found to be patentable to MLI in the '405 Interference;

F. Granting judgment in MLI's favor based on the facts and contentions set forth in those of MLI's Preliminary Motions which were dismissed as moot by the Board, and upon any additional facts which are admitted into evidence in this action;

G. Awarding Counterclaim-Plaintiff its costs and attorney fees in this action, including pursuant to 35 U.S.C. § 285; and

H. Awarding Counterclaim-Plaintiff such other and further relief as this Court deems just and proper in the circumstances.

Dated: April 26, 2007                               Gilberti Stinziano Heintz & Smith, P.C.


                                         BY:    /s/ Timothy J. Lambrecht

                                                Timothy J. Lambrecht, Esq. (510390)
                                                555 East Genesee Street
                                                Syracuse, New York 13202-2159

Of Counsel:

Alan B. Clement, Esq.
Hedman & Costigan, P.C.
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant/Counterclaimant
MLI Associates, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 26, 2007, I caused the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS to be filed using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| William R. Hansen<br>Bernadette R. Reilly<br>Lathrop, Gage Law Firm<br>230 Park Avenue<br>Suite 1847<br>New York, NY 10169 | Denis J. Sullivan<br>James R. Muldoon<br>Marjama, Bilinski Law Firm<br>250 Clinton Street<br>Suite 300<br>Syracuse, NY 13202 |
| John Dellaportas<br>Duane Morris LLP<br>1540 Broadway<br>New York, NY 10036 | Malcolm McGowan<br>Bingham, McCutchen Law Firm<br>2020 K Street NW<br>Washington, DC 20006 |
| | *Attorneys for Plaintiff/Counter Defendant Sears Ecological Applications Co., LLC* |

Dated: April 26, 2007                                         Gilberti Stinziano Heintz & Smith, P.C.

                                                                             By:   /s/ Timothy Lambrecht
                                                                             Timothy Lambrecht, Esq. (510390)
                                                                             555 East Genesee Street
                                                                             Syracuse, New York 13202
                                                                             Tel:    (315) 442-0100
                                                                             Fax:   (315)442-0169

                                                                             Of Counsel:

                                                                             Alan B. Clement, Esq.
                                                                             Hedman & Costigan, P.C.
                                                                             1185 Avenue of the Americas
                                                                             New York, New York 10036
                                                                             (212) 302-8989

                                                                             *Attorneys for Defendant/Counterclaimant MLI Associates, LLC*