UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SEARS ECOLOGICAL APPLICATIONS CO., LLC,

    Plaintiff,

v.

MLI ASSOCIATES, LLC,

    Defendant.

Case No. 6:07-CV-00145 (DNH/GHL)

## SEARS ECOLOGICAL APPLICATIONS CO., LLC'S REPLY TO MLI's COUNTERCLAIMS

Plaintiff Sears Ecological Applications Company, LLC ("SEACO") hereby replies to the counterclaims alleged in the Answer, Affirmative Defenses, and Counterclaims ("the Counterclaims") filed on April 26, 2007 by defendant MLI Associates, LLC ("MLI").

### RESPONSE TO COUNTERCLAIMS

1.    SEACO is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 39 of the Counterclaims and therefore denies the same.

2.    SEACO admits the allegations of Paragraph 40 of the Counterclaims.

3.    As to Paragraph 41 of the Counterclaims, SEACO admits that this Court has subject matter jurisdiction over the claims set forth in SEACO's appeal of the Board of Patent Appeals and Interference's ("BPAI's") February 6, 2007 Interference Decision and Interference Judgment pursuant to 35 U.S.C. § 146; to the extent that the

Counterclaims assert claims beyond the scope of SEACO's appeal, SEACO denies that MLI has standing to assert such claims under 35 U.S.C. § 146 or 28 U.S.C. §§ 1331 or 1338 and denies that a justifiable controversy exists under 28 U.S.C. §§ 2201 or 2202.

4. As to Paragraph 42 of the Counterclaims, SEACO admits that venue is properly found in this District to hear SEACO's appeal as provided in 35 U.S.C. § 146 and in 28 U.S.C. § 1391(b) and (c).

5. SEACO admits the allegations of Paragraph 43 of the Counterclaims.

6. As to Paragraph 44 of the Counterclaims, SEACO admits that the BPAI's Interference Decision and Interference Judgment were, in part, adverse to SEACO and those parts are the subject of this appeal; and, except as so admitting, SEACO denies the other allegations in Paragraph 44.

7. As to Paragraph 45 of the Counterclaims, SEACO admits that Richard Sapienza, William F. Ricks and Axel R. Johnson are listed as named inventors in U.S. Patent Application Nos. 10/206,975 ('975) and 10/690,894 ('894); and except as so admitting, SEACO denies the other allegations in Paragraph 45.

8. As to Paragraph 46 of the Counterclaims, SEACO admits that MLI is identified as the assignee of the '975 and '894 applications.

9. SEACO admits the allegations of Paragraph 47 of the Counterclaims.

10. SEACO admits the allegations of paragraph 48 of the Counterclaims.

11. SEACO admits the allegations of paragraph 49 of the Counterclaims.

12. As to Paragraph 50 of the Counterclaims, SEACO admits that MLI filed the identified papers in the Interference proceeding; and, except as so admitting, SEACO denies the other allegations of Paragraph 50; and, further, under Rule 8 of the Federal

Rules of Civil Procedure, SEACO asserts that MLI has failed to make a short and plain statement of a claim showing that MLI is entitled to the relief as claimed.

### AS TO COUNTERCLAIM I
### UNDER 35 U.S.C. § 146

13.     SEACO repeats and realleges the foregoing responses to the allegations made in Paragraphs 39 to 50 of the Counterclaims as if fully set forth herein.

14.     As to Paragraph 52 of the Counterclaims, SEACO admits that the BPAI's February 6, 2007 Interference Decision and Interference Judgment (i) held all of SEACO's and MLI's claims (except for claims 43 and 44 of the '975 Application) in the Interference unpatentable and (ii) dismissed as moot, and did not decide, MLI Preliminary Motions 3 and 4; SEACO denies that MLI has standing to assert Counterclaim I under 35 U.S.C. § 146 to seek relief from or change the BPAI's rulings; SEACO further denies MLI's allegations concerning the merits and sufficiency of the BPAI's rulings; as to the remaining allegations concerning MLI's beliefs and opinions regarding the BPAI's rulings, SEACO is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

15.     As to Paragraph 53 of the Counterclaims, SEACO admits that MLI is requesting that the Court enter judgment in favor of MLI on each of MLI's Preliminary Motions that the BPAI dismissed as moot, but denies that MLI has standing to assert Counterclaim I under 35 U.S.C. § 146 to seek relief from or change the BPAI's rulings.

### AS TO COUNTERCLAIM II
### DECLARATORY JUDGMENT

16.     SEACO repeats and realleges the foregoing responses to the allegations made in Paragraphs 39 to 53 of the Counterclaims as if fully set forth herein.

17. SEACO denies the allegations of Paragraph 55 of the Counterclaims.

18. As to Paragraph 56 of the Counterclaims, SEACO admits that it has appealed and seeks reversal of all portions of the BPAI's Interference Decision and Interference Judgment that are adverse to SEACO and/or in favor of MLI, including the BPAI's Interference Decision concerning SEACO's Motions 3-4 and 6-12 and MLI's Motion No. 5 and the Interference Judgment concerning the Counts, SEACO's claims, and MLI's claims; SEACO denies that MLI has standing to assert Counterclaim II under 28 U.S.C. §§ 2201or 2202 for a declaratory judgment concerning the BPAI's rulings; SEACO denies the remaining allegations of Paragraph 56 of the Counterclaims.

19. As to Paragraph 57 of the Counterclaims, SEACO admits that MLI is seeking a judgment declaring that the rulings of the BPAI (i) denying SEACO's Preliminary Motions 3-4 and 6-12; (ii) granting-in-part MLI's Preliminary Motion No. 5; (iii) holding all of SEACO's claims in the Interference unpatentable; and (iv) holding all MLI's claims 43 and 44 of the '975 Application patentable were supported by substantial evidence; SEACO denies that MLI has standing to assert Counterclaim II under 28 U.S.C. §§ 2201or 2202 for a declaratory judgment concerning the BPAI's rulings; SEACO further denies MLI's allegations concerning the merits and sufficiency of the BPAI's rulings.

## AFFIRMATIVE DEFENSES
## TO COUNTERCLAIMS

20. Counterclaim I fails to state a claim for which relief may be granted.

21. Counterclaim II fails to state a claim for which relief may be granted.

22. MLI failed to initiate a civil action or file an appeal to seek review of the BPAI's February 6, 2007 Interference Decision or Interference Judgment as provided under 35 U.S.C. §§ 141 and 146 and has no standing to seek any change to the BPAI's rulings.

23. MLI failed to initiate a civil action or file an appeal to seek review of the BPAI's February 6, 2007 Interference Decision or Interference Judgment as provided under 35 U.S.C. §§ 141 and 146 and is therefore estopped from seeking relief from any of the BPAI's rulings.

24. MLI has not presented sufficient facts establishing an actual case or controversy as required by 28 U.S.C. §§ 2201 or 2202 in order to have standing to seek a declaratory judgment.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests relief that:

A. MLI's Counterclaim I and Counterclaim II be dismissed with prejudice;

B. The award of attorneys' fees and costs be made to SEACO pursuant to 28 U.S.C. § 285; and

C. Such other and further relief as the Court shall deem appropriate.

Dated: June 18, 2007
       Syracuse, New York

                **SEARS ECOLOGICAL APPLICATIONS CO., LLC**
                By its attorneys

/s/ *William R. Hansen*
_____
William R. Hansen, Esq.
Federal Bar Roll No. 101,908
Bernadette R. Reilly, Esq.
Federal Bar Roll No. 512,281
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
Telephone:   (212) 850-6220
Facsimile:   (212) 850-6221

John Dellaportas, Esq.
Federal Bar Roll No. 512,282
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone:   (212) 692-1000
Facsimile:   (212) 692-1020

James R. Muldoon, Esq.
Federal Bar Roll No. 506,772
Denis J. Sullivan, Esq.
Federal Bar Roll No. 512,997
MARJAMA & BILINSKI LLP
250 South Clinton Street, Suite 300
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

R. Danny Huntington, Esq.
Malcolm K. McGowan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street NW
Washington, D.C. 2006-1806
Telephone:   (202) 373-6243
Facsimile:   (202) 373-6001